IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Laureano, | ) | C/A No.: 1:11-779-TMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Captain (FNU) Jones, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Anderson County Detention Center ("ACDC"). Before the court are the following motions: (1) Plaintiff's Motion to Amend the Complaint [Entry #23]; (2) Plaintiff's Motion for Subpoenas [Entry #23]; (3) Plaintiff's Motion to Compel [Entry #51]; and (4) Plaintiff's Motions to Appoint Counsel [Entry #69, #71]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.    Factual Background

In his complaint, Plaintiff alleges Defendant Jones has confiscated his mail. Specifically, Plaintiff's complaint states:

> I myself know my mail has been confiscated because I have written to Christian organi[z]ation[s] for information, my brother has told me on several occa[s]ions that he has not received my mail, and also a letter to Major Bryant, and grievance officer, I've yet not heard any response. Because Captain Jones confiscated same.

Compl. at 5–6 [Entry #1]. Plaintiff asserts no other allegations regarding why he believes Defendant is confiscating his mail. Plaintiff also complains that Defendant has confiscated his grievances. *See generally* Compl. [Entry #1]. Finally, Plaintiff complains that another inmate attacked him, but that no criminal charges were brought against the perpetrator, because of Defendant's alleged failure to show all video evidence to a judge. *Id*. at 6–7.

II.   Discussion

    A.   Motion to Amend

Plaintiff seeks to amend his complaint to add as defendants Solicitor Chrissy T. Adams, Public Defender Andrew T. Potter, and his former lawyer in his state criminal case, Hugh W. Welborn. Adams, Potter, and Welborn are all lawyers currently or formerly involved in Plaintiff's state criminal case who Plaintiff seeks to sue for conspiracy to coerce him to enter a plea.

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted); *see also Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978) (a pro se litigant is entitled to the opportunity to amend his pleadings if he has alleged a potentially meritorious cause of action).

Construing Plaintiff's motions to amend his complaint liberally, the court finds that granting Plaintiff's motion to amend would be futile at this time. As a solicitor, Adams enjoys absolute prosecutorial immunity from claims brought pursuant to 42 U.S.C. § 1983. *Imbler v. Patchman*, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). The *Imbler* Court acknowledged the broadness of its holding as follows:

> To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system. Moreover, it often would prejudice defendants in criminal cases by skewing post-conviction judicial decisions that should be made with the sole purpose of insuring justice. With the issue thus framed, we find ourselves in agreement with Judge Learned Hand, who wrote of the prosecutor's immunity from actions for malicious prosecution:
>
> "As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation." *Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir. 1949), *cert. denied*, 339 U.S. 949 (1950).

*Imbler* at 427–428. In delineating the boundaries of its holding, the *Imbler* Court distinguished between the absolute immunity a prosecutor enjoys in activities "intimately associated with the judicial phase of the criminal process" and the good-faith defense prosecutors have when engaging in certain investigative activities. *Id.* at 430. Plaintiff

seeks to sue Adams for prosecutorial misconduct and for conspiracy to coerce him to enter a plea, both of which are intimately associated with the judicial phase of the criminal process. Therefore, Adams is not subject to suit pursuant to 28 U.S.C. § 1983 and Plaintiff's motion to amend the complaint to add Adams [Entry #23] is denied as futile.

Additionally, Potter and Wellborn appear to have both represented Plaintiff during his state criminal case.[1] However, neither Potter and Wellborn have acted under the color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317–325 (1981); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (stating that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel). Additionally, Plaintiff has not stated sufficient allegations to set forth a state law cause of action against Potter or Wellborn. Therefore, Plaintiff has not stated a claim upon which relief can be granted against Potter and Wellborn, and his proposed amendment to the complaint [Entry #23] is denied as futile.

B.    Motion for Subpoenas

Plaintiff requests the court subpoenas for various case files, all of which appear to relate to his state criminal case, and not to the case at hand. Additionally, Plaintiff has failed to submit any funds to pay for the information he requests be subpoenaed.

---

[1] It is unclear whether either Potter or Wellborn is still representing Plaintiff in his criminal case.

Although Plaintiff has been granted in forma pauperis status, it is well-settled that a grant of such status does not mean that an "in forma pauperis plaintiff's discovery [or other court] costs either are underwritten or are waived." *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D.Pa. 1991). The *Badman* case involved an indigent plaintiff seeking issuance of a subpoena duces tecum to be served on a third-party. The court specifically held that he or she must simultaneously tender fees allowed by law with the service of the subpoena. *Badman v. Stark*, 139 F.R.D. at 604. Several Courts of Appeals have held that federal district courts should decline to issue subpoenas for indigent plaintiffs in § 1983 cases without payment of the costs. *See, e.g., Boring v. Kozakiewicz*, 833 F.2d 468, 473–75, (3rd Cir. 1987) (district court not required to pay for plaintiffs' expert medical witness); *Johnson v. Hubbard*, 698 F.2d 286, 289–91 (6th Cir. 1983) (lower courts have no duty to pay for witness fees in civil, non-habeas corpus cases); *see generally United States Marshals Service v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984) (en banc ) (in forma pauperis grant under § 1915 does not require courts of the United States to pay witness fees and other costs for indigent plaintiffs in § 1983 actions); *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983). Therefore, because Plaintiff has not tendered the fees for service of the subpoenas[2] and has not demonstrated the subpoenas are relevant to the instant case, Plaintiff's motion for subpoenas [Entry #23] is denied.

---

[2] The undersigned notes, without deciding, that Plaintiff would not necessarily be entitled to the subpoenas if he had tendered the requisite fees.

C.   Motion to Compel

Plaintiff's motion to compel filed August 5, 2011, seeks responses to submitted discovery issued on July 2, 2011. Defendant notes the court had granted an extension until August 24, 2011 to respond to the discovery. [Entry #53]. Plaintiff did not file a reply brief. Therefore, Plaintiff's motion to compel [Entry #51] is denied as moot.

D.   Motions to Appoint Counsel

Plaintiff has also sought appointment of counsel. There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff has not shown that any exceptional circumstances exist in this case. Rather, he simply states that he is a *pro se* prisoner with limited legal knowledge and access to legal resources.

These are typical of complaints by prisoners seeking to pursue civil cases *pro se* in federal court, and after a review of the file, this court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a

fair opportunity to present his or her case. Accordingly, Plaintiff's motions for appointment of counsel [Entry #69, #71] are denied.

III.     Conclusion

For the foregoing reasons, the court denies the following motions: (1) Plaintiff's Motion to Amend the Complaint [Entry #23]; (2) Plaintiff's Motion for Subpoenas [Entry #23]; (3) Plaintiff's Motion to Compel [Entry #51]; and (4) Plaintiff's Motions to Appoint Counsel [Entry #69, #71].

    IT IS SO ORDERED.

November 2, 2011                               Shiva V. Hodges
Florence, South Carolina                United States Magistrate Judge