IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Laureano, | ) | C/A No.: 1:11-779-TMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Captain (FNU) Jones, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Anderson County Detention Center ("ACDC"). Before the court are the following motions: (1) Plaintiff's Motion for a Preliminary Injunction [Entry #23]; (2) Defendant's Motion for Summary Judgment [Entry #26]; (3) Plaintiff's Motion for a Temporary Restraining Order [Entry #55]; and (4) Plaintiff's Motion for a Preliminary Injunction [Entry #69]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions are dispositive, this Report and Recommendation is entered for the district judge's consideration.

I.      Factual and Procedural History

In his complaint, Plaintiff alleges Defendant Jones has confiscated his mail. Specifically Plaintiff's complaint states:

> I myself know my mail has been confiscated because I have written to Christian organi[z]ation[s] for information, my brother has told me on several occa[s]ions that he has not received my mail, and also a letter to

> Major Bryant, and grievance officer, I've yet not heard any response. Because Captain Jones confiscated same.

Compl. at 5–6 [Entry #1]. Plaintiff asserts no other allegations regarding why he believes Defendant is confiscating his mail. Plaintiff also complains that Defendant has confiscated his grievances. *See generally* Compl. [Entry #1]. Finally, Plaintiff complains that another inmate attacked him, but that no criminal charges were brought against the perpetrator, because of Defendant's alleged failure to show all video evidence to a judge. *Id*. at 6–7.[1]

Defendant filed a motion for summary judgment on June 30, 2011. [Entry #26]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [Entry #27]. Plaintiff filed a response on July 13, 2011 [Entry #34], Defendant filed a reply [Entry #42], and Plaintiff filed a sur-reply [Entry #50]. Additionally, Plaintiff has filed multiple requests for injunctive relief [Entry #23, #55, #69], which were all fully briefed [Entry #29, #53, #70]. Having carefully

---

[1] Additionally, although not contained in his complaint, Plaintiff's frequent filings to the court contain allegations about a multitude of issues including, but not limited to, the following: (1) the ACDC medical staff's failure to require his diet be changed [Entry #52 at 3–4, 10–11, Entry #55-2; Entry #67]; (2) an alleged use of excessive force against another unnamed inmate by a non-party officer [Entry #64]; (3) an alleged denial of medical care for his asthma [Entry #61, #62]; (4) the transfer to different cells of inmates who formerly helped Plaintiff with his legal filings [Entry #23 at 6–7]; (5) various issues related to Plaintiff's state criminal case [Entry #34 at 1–5; Entry #54 at 1–6; Entry #60; Entry #66]; and (6) his custody placement in ACDC [Entry #75 at 3–5]. To the extent these issues were not presented in the complaint or in a dispositive motion, the undersigned has not considered these allegations. However, Plaintiff's request to amend his complaint based on some of these issues was denied as futile. *See* Entry #87.

considered the parties' submissions and the record in this case, the court recommends granting Defendant's motion for summary judgment and denying Plaintiff's motions for injunctive relief.

II.     Discussion

    A.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law

will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.    Motion for Summary Judgment

        1.    Procedure for Inmate Mail at ACDC

In her affidavit, Defendant sets forth the procedure for inmate mail at ACDC. Specifically, Defendant avers that inmates give a sealed envelope to an ACDC officer, who places the envelopes in a locked box located in the operations area. Jones Aff., ¶ 5 [Entry #26-2]. According to Defendant, the designated officer takes mail from the locked box and places it into the mailbox to be picked up by the United States Postal Service each morning, generally before Defendant arrives at work. *Id.* The shift supervisor, and not Defendant, has a key to the locked box containing outgoing inmate mail. *Id*. Defendant avers that an inmate trustee will pick up incoming mail from the mailbox under an officer's supervision. *Id.*, ¶ 6. According to Defendant, although all incoming mail is opened in order to check for contraband, mail designated as legal mail is opened in the inmate's presence. *Id.* Defendant

states she has no involvement with incoming inmate mail and that she is not the direct supervisor for the front desk officer who handles incoming inmate mail. *Id.*

To the extent Plaintiff is suing Defendant for personal involvement related to Plaintiff's mail, he has failed to set forth any evidence supporting his allegations or otherwise dispute the facts set forth in Defendant's affidavit. Therefore, it is recommended Defendant be granted summary judgment on Plaintiff's claim related to confiscation of his mail.

      2.      Grievances and Criminal Charges

To the extent Plaintiff claims Defendant is liable for confiscation of his grievances, his claim cannot survive summary judgment. As Plaintiff concedes in his complaint [Entry #1 at 9], there is no constitutional right to a grievance process. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Additionally, Plaintiff appears to sue Defendant because no criminal charges were brought against an inmate who allegedly attacked him. However, citizens do not have a judicially cognizable interest in the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, Plaintiff's claims related to the grievance process and to the non-prosecution of another inmate must fail, and it is recommended that Defendant be granted summary judgment on these claims.

      3.      Supervisory Liability

Plaintiff appears to be suing Defendant in her supervisory capacity. *See* Pl.'s Response [Entry #52 at 1] ("Defendant Jones['] attorney argues she can not be held liable for the action[s] of her subordinates, then what good is it for her to be a supervisor?").

However, the doctrine of *respondeat superior* or supervisory liability generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of her employees, absent an official policy or custom which results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984), *cert. denied*, *Reed v. Slakan*, 470 U.S. 1035 (1985).

Plaintiff has not put forth any evidence that Defendant was personally responsible for the alleged confiscation of his mail. Further, Plaintiff has not shown that Defendant was deliberately indifferent to, or tacitly authorized, any of the actions or inactions of SCDC employees. Thus, Plaintiff fails to show that Defendant is liable on a theory of *respondeat superior* or supervisory liability. For these reasons, it is recommended that Defendant's motion for summary judgment be granted.

    C.    Motions for Injunctive Relief

Plaintiff's motions for injunctive relief request: (1) that his cell be located close enough to fellow inmates Weber and Fullbright, and he be provided an unspecified amount of legal materials [Entry #23]; (2) that his diet be changed due to his acid reflux and that Defendant's employment be terminated [Entry #55-2]; and (3) that he be provided medical attention related to his diet [Entry #69].

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001).[2] "Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a 'clear showing' that, among other things, it is likely to succeed on the merits at trial." *Id.* (citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, --- U.S. ----, ----, 129 S.Ct. 365, 374 (2008). By statute, the PLRA grants courts the authority to enter a temporary restraining order or an order for preliminary injunctive relief in civil actions concerning prison conditions. However,

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a) (1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

---

[2] Although one of Plaintiff's motions is captioned as a temporary restraining order [Entry #55], "[a] request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction." *Hill v. Stevenson*, C/A No. 6:10-2646-HMH-KFM, 2011 WL 1119609, *5 (D.S.C. March 25, 2011).

18 U.S.C. § 3626(a)(2).

Traditionally, preliminary injunctions are sought to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir. 2003). Mandatory preliminary injunctions, in comparison, compel action. The Fourth Circuit explained:

> "Mandatory preliminary injunctions [generally] do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). That is to say, a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind.

*Id*. at 526. Here, Plaintiff's motions for injunctive relief must fail. Plaintiff has not stated why he believes he will suffer irreparable harm, nor has he shown he is likely to succeed on the merits.

Generally, prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (no constitutional right under the Due Process Clause to a particular security classification or prison placement). To the extent Plaintiff argues that Defendant violated SCDC policies or procedures in placing him in his custody classification, even if this claim were true, violations of policies and procedures do not rise to the level of a constitutional violation. *See Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir.1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to

abide by that law is not a federal due process issue).  Additionally, prisoners are not entitled to an unlimited amount of legal supplies.  *See Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978). Therefore, Plaintiff has failed to establish the elements necessary to demonstrate the need for a preliminary injunction related to his custody placement or legal supplies, and it is recommended his motion for injunctive relief [Entry #23] be denied.

Similarly, Plaintiff has also provided no evidence that injunctive relief regarding his medical care and/or diet is necessary.  Although the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F. 2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D.Kan. 1986).  Additionally, prison staff such as Defendant are justified in relying in the medical staff's professional medical opinion regarding the appropriate medical treatment of inmates at the detention center. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990).  Here, Plaintiff has provided no evidence that Defendant has refused to allow him medical care or has refused him a diet that the detention center medical professionals recommend.  Therefore, Plaintiff has failed to establish the elements necessary for injunctive relief related to his medical care and/or diet, and it is recommended that his motions for injunctive relief [Entry #55, #69] be denied.

III.    Conclusion

For the foregoing reasons, it is recommended that Defendant's Motion for Summary Judgment [Entry #26] be granted and the following motions be denied: (1) Plaintiff's Motion for a Preliminary Injunction [Entry #23]; (2) Plaintiff's Motion for a Temporary Restraining Order [Entry #55]; and (3) Plaintiff's Motion for a Preliminary Injunction [Entry #69].

IT IS SO RECOMMENDED.

November 2, 2011                                        Shiva V. Hodges
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**